IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
Wheeling

**CHRISTOPHER KELLEY,**

        Petitioner,

v.                        **Civil Action No. 5:23-CV-323**
                                        Judge Bailey

**WARDEN S. LOVETT,**

        Respondent.

**REPORT AND RECOMMENDATION**

**I. Introduction**

On October 20, 2023, the *pro se* petitioner, Christopher Kelley ("petitioner"), filed a Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. [Doc. 1]. On October 30, 2023, petitioner paid the $5 filing fee. This matter is assigned to the Honorable John Preston Bailey, United States District Judge, and is referred to the undersigned United States Magistrate Judge to make proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons that follow, the undersigned recommends that the petition be denied and dismissed without prejudice.

**II. Factual and Procedural History**

In his petition, petitioner alleges that the Bureau of Prisons ("BOP") has unlawfully denied him time credits under the First Step Act. Petitioner alleges that he has "earned the whole 365 FTCs" but that the BOP is denying his application toward a projected release date. Petitioner further alleges that USP Hazelton is withholding legal mail in an attempt to interfere with petitions filed under § 2241.

1

Petitioner states that he has not pursued administrative remedies because he contends that his release date with the First Step Act credits would be August 10, 2023, and that the administrative remedy process would therefore delay his release. According to the BOP's website, petitioner's **projected** release date, via good conduct time, is August 10, 2024.

### III.  Legal Standard

A.  Reviews of Petitions for Relief

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and the Court's Local Rules of Prisoner Litigation Procedure, this Court is authorized to review such petitions for relief and submit findings and recommendations to the District Court. This Court is charged with screening the petitioner's case to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the U.S. District Courts; *see also* Rule 1(b) Rules Governing Section 2254 Cases in the U.S. District Courts (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254).

B.  Pro Se Litigants

As a *pro se* litigant, the petitioner pleadings are accorded liberal construction and held to "to less stringent standards than formal pleadings drafted by lawyers." **Haines v. Kerner**, 404 U.S. 519, 520 (1972). However, even under this less stringent standard, the petition in this case is subject to summary dismissal. The requirements of liberal construction do not mean that the Court can ignore a clear failure to allege facts which set forth a claim cognizable in a federal district court. See **Weller v. Dep't of Social**

***Servs.***, 901 F.2d 387 (4th Cir. 1990). As discussed more fully below, the petitioner is not entitled to relief under 28 U.S.C. § 2241, and this matter is due to be dismissed.

## IV. Discussion

The undersigned finds that the petition should be dismissed without prejudice for failure to exhaust administrative remedies. Under the Prison Litigation Reform Act ("PLRA"), a prisoner bringing an action under 42 U.S.C. § 1983, or any other federal law, must first exhaust all available administrative remedies. 42 U.S.C. § 1997e(a). "Federal prisoners must exhaust their administrative remedies prior to filing § 2241 petitions. Failure to exhaust may only be excused upon a showing of cause and prejudice." ***McClung v. Shearin***, 90 F. App'x 444, 445 (4th Cir. 2004) (citing ***Carmona v. United States Bureau of Prisons***, 243 F.3d 629, 634-35 (2d Cir.2001), ***Little v. Hopkins***, 638 F.2d 953, 953-54 (6th Cir.1981)). Exhaustion as provided in § 1997e(a) is mandatory, regardless of the relief offered through administrative procedures. ***Booth v. Churner***, 532 U.S. 731, 741 (2001). Because exhaustion is a prerequisite to suit, all available administrative remedies must be exhausted prior to filing a complaint in federal court. ***Porter v. Nussle***, 534 U.S. 516, 524 (2002) (citing ***Booth***, 532 U.S. at 741). "Those remedies need not meet federal standards, nor must they be 'plain, speedy, and effective.'" ***Porter***, 534 U.S. at 524.

Although generally, the exhaustion of administrative remedies should be raised by the defendant as an affirmative defense, if the failure to exhaust is apparent from the face of the complaint, the Court has the authority under 28 U.S.C. § 1915 to dismiss the case sua sponte. ***Custis v. Davis***, 851 F.3d 358, 361 (2017) ("A court may sua sponte dismiss a complaint when the alleged facts in the complaint, taken as true, prove that the inmate

3

failed to exhaust his administrative remedies.").

Pursuant to **McClung**, failure to exhaust may only be excused upon a showing of cause and prejudice.  As recognized in **Carmona**, *supra*, which was cited by the Fourth Circuit in its opinion in **McClung**:

> [T]he interests of judicial economy and accuracy are served by requiring that, absent a showing of cause and prejudice, appeals proceed in the first instance through the federal agency review process. Following the administrative procedures could potentially obviate the need for judicial review, or at a minimum, develop the factual record at the agency level at a time when the disputed events are still relatively fresh in witnesses' minds. In this sense, it is the analogue of the exhaustion of state remedies requirement for a state prisoner seeking federal habeas review, and the results governing failure to take this path should be the same.
> Administrative autonomy is also served by requiring that a federal prisoner justify his failure to exhaust his intra-Bureau remedies.  When, however, legitimate circumstances beyond the prisoner's control preclude him from fully pursuing his administrative remedies, the standard we adopt excuses this failure to exhaust.

**Carmona**, 243 F.3d at 634 (internal citations omitted).

The Bureau of Prisons provides a four-step administrative process beginning with attempted informal resolution with prison staff (BP-8).  *See* 28 C.F.R. § 542.10, *et seq*. If the prisoner achieves no satisfaction informally, he must file a written complaint to the warden (BP-9), within 20 calendar days of the date of the occurrence on which the complaint is based.  If an inmate is not satisfied with the warden's response, he may appeal to the regional director of the BOP (BP-10) within 20 days of the warden's response.  Finally, if the prisoner has received no satisfaction, he may appeal to the Office of General Counsel (BP-11) within 30 days of the date the Regional Director signed the response.  An inmate is not deemed to have exhausted his administrative remedies until he has filed his complaint at all levels.  28 C.F.R.§ 542.10-542.15; **Gibbs v. Bureau of Prison Office, FCI**, 986 F.Supp. 941, 943 (D.Md. 1997).

Here, petitioner's failure to exhaust is apparent on the face of the petition. Petitioner indicated on his petition form that he did not present the facts of the present petition in the prison's internal grievance procedure; petitioner states that his projected release date "would be 8-10-2023" and that the remedy process would therefore be a detriment to his case. [Doc. 1 at 8]. Thus, it is clear that petitioner has not fully exhausted the remedy process in relation to either of his claims but contends that doing so would delay his release. "To any extent that Petitioner believes exhaustion of remedies in this matter is futile because his sentence will have ended before he could complete the remedy process, exhaustion is not waived simply because a habeas petitioner believes that the length of the administrative process would preclude him from receiving full relief." *Reese v. Heckard*, No. 5:22-CV-00033, 2022 WL 4100849, at *5 (S.D. W.Va. Aug. 5, 2022) (Eifert, M.J.), *report and recommendation adopted*, No. 5:22-CV-00033, 2022 WL 4100268 (S.D. W.Va. Sept. 7, 2022) (citations omitted). Accordingly, petitioner has not shown cause to excuse failure to exhaust and the petition should be dismissed.

## V. Recommendation

For the foregoing reasons, it is hereby recommended that the Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2241 [**Doc. 1**] be **DENIED** and **DISMISSED WITHOUT PREJUDICE**.

Within fourteen (14) days after being served with a copy of this report and recommendation, the petitioner may file with the Clerk of Court **specific written objections identifying those portions of the recommendation to which objection is made and the basis for such objections**. A copy of any objections shall also be submitted to the United States District Judge. Objections shall not exceed ten (10)

5

typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitations, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

The Clerk is **DIRECTED** to send a copy of this Report and Recommendation to the Petitioner by certified mail, return receipt requested, to his last known address as shown on the docket. In addition, because this Report and Recommendation completes the referral from the District Court, the Clerk is **DIRECTED** to terminate the Magistrate Judge association with this case.

**DATED**: November 29, 2023.

*/s/ James P. Mazzone*
JAMES P. MAZZONE
UNITED STATES MAGISTRATE JUDGE